### The People of the State of Illinois *v.* John G. McHatton *et al.*

#### *Original Suit.*

A collector of taxes, being indebted to the State for taxes received, l y a special Act of the Legislature procured an extension of time to settle with and pay over to the State the amount of such indebtedness. To a suit against him and his sureties on his official bond, the latter pleaded that the said Act was passed without their consent, and that, by such extension, they were discharged. There was a demurrer to the plea, which the Court overruled, and *held* the plea good.

This was a suit originally commenced in this Court, by the People against the defendant, McHatton, who was the collector of Schuyler county for the year 1839, and the securities upon his official bond.

The substance of the pleadings are stated by the Court. The cause was submitted without argument by

*J. A. McDougall*, Attorney General, for the People.

*W. A. Hinman*, and *J. H. Ralston*, for the defendants, referred the Court to the cases of *Davis* v. *The People*, 1 Gilman, 409, and *Hinman* v. *Pope*, Ib. 131.

The Opinion of the Court was delivered by

TREAT, J.   John G. McHatton was appointed collector of Schuyler county for the year 1839, and entered into bond for the faithful performance of the duties of the office.   By the law then in existence he was required to pay into the State Treasury on the first of March, 1840, all taxes by him collected for the use of the State.   Laws of 1838-9, page 11.

On the 18th day of February, 1841, by a special Act of the Legislature he was allowed until the first of April thereafter to settle with and pay over to the State and county the amount of his indebtedness as collector.   Acts of 1841, page 207.

A motion is now made on behalf of the State for judgment against him and the sureties on his official bond, for the amount of taxes due the State for the year 1839.   In answer to this proceeding, the sureties plead that the Act of February 18th, 1841, was passed without their consent, and that by the extension of time thereby given, they are discharged.   The validity of this plea is questioned by a demurrer.   We have no hesitation in pronouncing the plea good.   The law in question inhibited the State from instituting any proceedings against the collector between its passage and the first of April following, and during that time suspended the right of the sureties to release themselves, by paying to the State the amount owing by their principal.   The extension of time thus given, without the assent of the securities, materially changed the terms of the original contract, and fully discharged them from all liability on the bond.   The case of *Davis* v. *The People*, decided at the last term, is expressly in point.

Judgment will be entered for the defendants.

*Judgment for defendants.*